FII FD

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

2018 JUN 20  AM 11: 15

CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA FLORIDA

Civil Action No:

**CLASS ACTION
COMPLAINT**

**DEMAND FOR
JURY TRIAL**

8:18-cv-1484-T-30AEP

---

Samantha Medina, individually and on behalf of all others similarly situated,

Plaintiff,

-v.-

AvanteUSA, Ltd.,

CF Medical Billing, LLC dba CF Medical, LLC and

John Does 1-25,

Defendants.

---

Plaintiff Samantha Medina (hereinafter, "Plaintiff" or  Medina"), a Florida resident, brings this Class Action Complaint by and through her attorneys, Zeig Law Firm, LLC against Defendant Avante USA, Ltd. (hereinafter "Defendant Avante") and Defendant CF Medical Billing, LLC dba CF Medical, LLC (hereinafter "Defendant CF Medical"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION

1.      Congress enacted the Fair Debt Collection Practices Act (the "FDCPA" or the "Act") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was

1

concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws...[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.      Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws ·were inadequate. *Id* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3.      The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over any state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5.      Plaintiff brings this class action on behalf of a class of Florida consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6.      Plaintiff is seeking damages and declaratory relief.

## PARTIES

7.     Plaintiff is a resident of the State of Florida, County of Hillsborough, residing at 1707 W Ferris Avenue, Tampa, FL 33603.

8.     Defendant Avante is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 3600 S. Gessner,Suite 225, Houston, TX 77063.

9.     Defendant CF Medical is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 4300 S Hwy 27, Suite 201, Clermont, FL 34711.

10.     Upon information and belief, Defendant Avante is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

11.     Upon information and belief, Defendant CF Medical is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

12.     John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

13.     Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

14.     The Class consists of:

   a.   all individuals with addresses in the State of Florida;

  b. to whom Defendant Avante sent an initial collection letter attempting to collect a consumer debt;

  c. on behalf of Defendant CF Medical;

  d. that falsely and misleadingly omits that the consumer must dispute the alleged debt in writing to be effective;

  e. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

15. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

16. Excluded from the Plaintiff Class are the Defendants and all officer, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

17. There are questions of law and fact common to the Plaintiff Class, which are common issues that predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibits A, violate 15 U.S.C. §§ 1692e and 1692g.

18. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this Complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them to not vigorously pursue this action.

19.     This action has been brought, and may properly be maintained, as a class action

pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a

well-defined community interest in the litigation:

    a.  **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges,

        that the Plaintiff Class defined above is so numerous that joinder of all members

        would be impractical.

    b.  **Common Questions Predominate:** Common questions of law and fact exist as

        to all members of the Plaintiff Class and those questions predominate over any

        questions or issues involving only individual class members. The principal issue

        is whether the Defendants' written communications to consumers, in the forms

        attached as Exhibit A violate 15 § 1692e and §1692g.

    c.  **Typicality:** The Plaintiff's claims are typical of the claims of the class members.

        The Plaintiff and all members of the Plaintiff Class have claims arising out of the

        Defendants' common uniform course of conduct complained of herein.

    d.  **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the

        class members insofar as Plaintiff has no interests that are adverse to the absent

        class members. The Plaintiff is committed to vigorously litigating this matter.

        Plaintiff has also retained counsel experienced in handling consumer lawsuits,

        complex legal issues, and class actions. Neither the Plaintiff nor his counsel have

        any interests which might cause them not to vigorously pursue the instant class

        action lawsuit.

    e.  **Superiority:** A class action is superior to the other available means for the fair

        and efficient adjudication of this controversy because the individual joinder of

all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

20.     Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member. A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

21.     Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

22.     Plaintiff repeats, reiterates and incorporates the allegations contained in the foregoing paragraphs with the same force and effect as if the same were set forth at length herein.

23.     Some time prior to September 29, 2017, an obligation was allegedly incurred to St Joseph S Hospital (hereinafter "St. Joseph").

24.     The obligation arose out of a transaction involving a debt incurred by Plaintiff for medical services with St Joseph which Plaintiff incurred primarily for personal, family or household purposes.

25.     The alleged St Joseph obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

26.     St Joseph is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

27.     On a date better known to Defendants, St Joseph sold or assigned Plaintiff's debt to Defendant CF Medical.

28.    St. Joseph or Defendant CF Medical contracted the Defendant Avante to collect the alleged debt.

29.    Defendants collect and attempt to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

### *Violation – September 29, 2017 Collection Letter*

30.    On or about September 29, 2017, Defendant Avante sent Plaintiff a collection letter (the "Letter") regarding the alleged debt owed to Defendant CF Medical.  The Letter is attached hereto as Exhibit A.

31.    When a debt collector solicits payment from a consumer, it must, within five days of an initial communication, provide the consumer with a written validation notice, known as a "G notice," which must include the following information:

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's <u>written</u> request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. 15 U.S.C. § 1692g(a).

(emphasis added)

32.     The Letter, which in this case was the "G Notice," does not meet the required guidelines of the FDCPA because it falsely omits the requirement of the G Notice that the consumer must (1) dispute the debt <u>in writing</u> to receive verification of the debt and (2) must submit a <u>written</u> request to receive the identity of the original creditor. §§1692g(a)(4) and 1692g(a)(5).

33.     In omitting the writing requirement Defendant falsely communicates the consumer's requirements under the FDCPA.

34.     This false and inaccurate portion of the Letter is deceptive and misleading because it fails to advise Plaintiff of the proper method for exercising her validation rights under the FDCPA.

35.     Plaintiff sustained an informational injury as she was not fully apprised of her rights and responsibilities necessary to properly exercise her options under §1692g.

36.     Plaintiff effectively waived her rights to this statutorily available information because she was not properly informed of the "G-Notice" requirements set forth in the FDCPA.

37.     As a result of Defendant's deceptive misleading and false debt collection practices, Plaintiff has been damaged.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e
### *et seq.*

38.     Plaintiff repeats, reiterates and incorporates the allegations contained in the foregoing paragraphs with the same force and effect as if the same were set forth at length herein.

39.     Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

40.     Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

41.     Defendant violated said section by:

   a.  Making a false and misleading representation in violation of §1692e(10).

42.     Due to the fact that Defendant's conduct violated Section 1692e et seq. of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692g *et seq.*

43.     Plaintiff repeats, reiterates and incorporates the allegations contained in in the foregoing paragraphs with the same force and effect as if the same were set forth at length herein.

44.     Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

45.     Pursuant to 15 U.S.C. §1692g, when a debt collector solicits payment from a consumer, it must, within five days of an initial communication, provide the consumer with a written validation notice, known as the "G Notice," which must include the following information:

   (1) the amount of the debt;

   (2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. 15 U.S.C. § 1692g(a).

46.     Defendant violated this section by deceptively misrepresenting the requirements of §§1692g(a)(4) and (5) in omitting the requirement that the consumer must dispute or request information in writing as required under the FDCPA.

47.     Plaintiff sustained an informational injury as she was wrongfully misinformed that she need not dispute the debt in writing.

48.     Plaintiff was harmed due to the fact that she was misled into believing that she was not required to dispute her debt in writing.

49.     Due to the fact that Defendant's conduct violated Section 1692g et seq. of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

50.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Samantha Medina, individually and on behalf of all others similarly situated, demands judgment from Defendant AvanteUSA, Ltd. and Defendant CF Medical Billing LLC dba CF Medical, LLC, as follows:

1.  Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Justin Zeig, Esq. as Class Counsel;

2.  Awarding Plaintiff and the Class statutory damages;

3.  Awarding Plaintiff and the Class actual damages;

4.  Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5.  Awarding pre-judgment interest and post-judgment interest; and

6.  Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Respectfully Submitted,

**ZEIG LAW FIRM, LLC**

*/s/ Justin Zeig*
Justin Zeig, Esq.
FL Bar No. 112306
3475 Sheridan Street, Suite 310
Hollywood, FL 33021
Telephone: 754-217-3084
Fax: 954-272-7807
justin@zeiglawfirm.com
*Attorneys for Plaintiff Samantha Medina*